IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL K. THOMPSON, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:20-CV-1111<br>) |
| STRYKER CORPORATION, et al., | ) HON. ROBERT J. JONKER<br>) |
| Defendants. | )<br>)<br>) |

## STIPULATED PROTECTIVE ORDER AS AMENDED

WHEREAS certain information, documents and things subject to discovery in this action may be claimed to be highly sensitive or to contain a trade secret or other confidential research, development, strategy, marketing, sales, business or commercial information;

WHEREAS it has been agreed by and among Plaintiffs Darrell K. Thompson, William T. Holt (deceased), Leatha J. Holt (deceased), and NewAir Maufacturing, LLC (collectively, "Plaintiffs") and Defendants Stryker Corporation, Physio-Control International, Inc., Physio-Control Manufacturing, Inc., Physio-Control, Inc., and Jolife AB (collectively, "Stryker"), and through their respective counsel, that a Stipulated Protective Order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Western District of Michigan; and

WHEREAS the Court has reviewed the terms and conditions of the Stipulated Protective Order submitted by the parties;

IT IS HEREBY STIPULATED AND ORDERED:

1. <u>Scope</u>. The Stipulated Protective Order shall apply to all information,

documents and things subject to discovery or provided in the above-identified action including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, testimony adduced at hearings, answers to interrogatories, documents and things produced (including documents and things produced to the Receiving Party(ies) for inspection and documents and things provided to the Receiving Party(ies), whether in the form of originals or copies) by a Disclosing Person, information obtained from inspection of premises or things, and answers to requests for admissions. This Stipulated Protective Order is binding upon the parties to this litigation, including their respective attorneys, agents, representatives, officers, employees and others as set forth in this Stipulated Protective Order.

  2. <u>Third Parties.</u> A copy of this Stipulated Protective Order shall be furnished to each third party required to produce documents or otherwise formally disclose information in response to discovery requests during this litigation. Such third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Stipulated Protective Order and thereby become a Disclosing Person for purposes of this Stipulated Protective Order.

  3. <u>Definitions.</u>

    (a) "Receiving Party(ies)" means any party to this action receiving information, documents or things from a Disclosing Person.

    (b) "Disclosing Person" means parties as well as nonparty persons or entities subject to discovery in this action.

    (c) "Outside Counsel" means outside law firms and/or lawyers that have been retained by a party or third party to provide advice in connection with this action. Outside Counsel includes attorneys, patent agents, paralegals, assistants and stenographic, clerical and support

employees of the respective law firms and/or lawyers.

(d) "Confidential Information" means non-public information, documents and things designated by a Disclosing Person as "Confidential," in the good faith belief that such information, documents and things relate to sensitive or confidential business information, including:

(i) research or development activities, whether or not such research or development has resulted in a commercial product;

(ii) proposed research or development activities;

(iii) non-public sales, marketing and/or other strategic plans;

(iv) customer lists and other customer-specific information;

(v) non-public financial information as to sales, manufacturing and costs;

(vi) pending, unpublished patent applications; or

(vii) other highly sensitive business information whose unauthorized disclosure might cause competitive damage or lessen a competitive advantage.

The above list is intended to be illustrative of Confidential Information only, and is not intended to provide an exhaustive list of information, documents or things that may be designated in good faith as "Confidential Information."

4. <u>Use of Discovery Materials, Confidential Information.</u>  All information, documents, and things learned or provided pursuant to discovery in the above-identified action shall be used solely for the preparation and trial of this action, settlement discussions or negotiations in connection with this action, and any form of alternative

dispute resolution concerning this action, and for no other purpose. Copies or excerpts of, information contained within, or summaries, notes or charts containing any information, document or thing designated as "Confidential" shall be treated as Confidential Information. Nothing in this Stipulated Protective Order shall prohibit or restrict a Disclosing Person from disclosing or using in any way its own Confidential Information. Notwithstanding any other provisions of this Stipulated Protective Order and irrespective of which party produced such information, nothing herein shall prohibit counsel for a party from disclosing, during direct examination or cross examination at a deposition, hearing, or trial, Confidential Information to any person whom the document clearly identifies as an author, addressee, or recipient of such document. Regardless of such designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such person without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Stipulated Protective Order.

     5.    <u>Labeling.</u>   Each document or thing provided to the Receiving Party(ies), or any portion thereof, each set of interrogatory answers or portion thereof, and each set of answers to requests for admission or portion thereof that discloses information deemed by the Disclosing Person in good faith to be Confidential Information, as such term is defined in paragraph 3, shall be so identified at the time of service of such discovery by including on each page the legend "CONFIDENTIAL" or, if provided to the Receiving Party(ies) prior to the date of the entry of this Stipulated Protective Order, may be so identified within fourteen (14) calendar days of that date. Information being designated as "Confidential" that is not in documentary or other

tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the Disclosing Person in a writing provided to the Receiving Party(ies) at the time of production.

      6.      <u>Initial Inspection.</u> If a Disclosing Person elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents and things produced for initial inspection will be considered as having been designated as "Confidential." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

      7.      <u>Depositions.</u>   Depositions, or portions thereof, may be designated as "Confidential" at the time of the deposition. If no such designation is made at the deposition, each transcript shall be presumptively deemed to be Confidential Information and subject to the provisions of this Stipulated Protective Order for a period of thirty (30) calendar days following the delivery of the transcript by the reporter. Within thirty (30) calendar days of the delivery of the transcript, counsel for the deponent (if the deponent is not a party) or Outside Counsel for any party may designate certain portions of the deposition as "Confidential" by notifying all counsel of record in writing of said designation(s). Outside Counsel for each party shall be responsible for marking the designated portions of copies of the transcript in their possession as "CONFIDENTIAL" in accordance with the requirements of paragraph 5. Portions of the transcript not designated by Outside Counsel or counsel for the deponent, within thirty (30) calendar days after receipt of the transcript, as "Confidential" shall be considered not to contain any Confidential Information.

If counsel for any party or for the deponent designates a portion of a deposition as "Confidential" on the record during the deposition, the designating party shall have the right to have all persons not bound by this Stipulated Protective Order or not entitled to access to the Confidential Information excluded from the deposition, or any portion thereof, before the taking of testimony that has been designated as "Confidential."

8. <u>Access to Confidential Information.</u>  Information, documents and things identified as Confidential Information pursuant to this Stipulated Protective Order shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, to anyone other than:

(a) Outside Counsel for the parties, except individuals who prepare or prosecute patent applications concerning the subject matter of the patent-in-suit during the pendency of this action;

(b) Independent technical experts or consultants who have been qualified to receive Confidential Information, and signed a Certificate of Confidentiality in the form attached as Exhibit A ("the Certificate"). The Certificate, along with the name, address, occupation, and curriculum vitae of any such proposed independent expert shall be served upon all attorneys of record of the Disclosing Person fifteen (15) calendar days in advance of the first disclosure of any protected information to any such expert. Unless the attorneys of record of the Disclosing Person notifies the proposing attorney in writing of an objection to the proposed expert within fourteen (14) calendar days after receiving the Certificate, such designated person shall thereafter be deemed qualified to receive Confidential Information, provided he/she manifests his/her assent to be bound by the provisions of this Stipulated Protective Order by signing the

Certificate. Upon request, the proposing attorney shall provide responses to reasonable requests for information regarding the proposed expert so that the notified party can determine whether to object to the expert. In the event of a written objection as provided above, the parties shall first try to resolve the dispute in good faith, on an informal basis before seeking relief from the Court. If an objection is received within fourteen (14) calendar days after receiving the Certificate, then the Confidential Information shall not be disclosed until the objection is withdrawn, or the matter is resolved upon the objecting party moving to prevent the disclosure of Confidential Information to such expert. The objecting party shall have twenty (20) days from the receipt of the executed Certificate to bring such a motion and the Confidential Information shall not be disclosed to such expert during pendency of any such motion;

(c) Independent litigation support service personnel with whom persons defined in paragraphs 8(a) and 8(b) work in connection with the above-captioned action, including, for example, trial graphics or jury research firms and individuals retained by those firms, provided that any such personnel shall first execute a Certificate of Confidentiality in the form attached as Exhibit A;

(d) Court officials (including court reporters and any special master, discovery master or technical advisor appointed by the court) and the Court's staff in connection with the Court's administration and adjudication of this action; and

(e) Three (3) in-house attorneys for the Parties who either have responsibility for making decisions dealing directly with the litigation of this action, or

who are assisting outside counsel in the litigation of this action. At this time, Plaintiffs have no in-house attorneys. At this time, Stryker designates Merle Elliott as one such in-house attorney and may designate up to two (2) additional in-house attorneys at a future date by letter to Plaintiffs.

9. *Filing Under Seal.* Any party proposing to file any materials under seal must follow the process specified in Local Rule 10.6, and must establish good cause for filing under seal. Good cause for filing under seal requires more than good cause for entry of this Stipulated Protective Order under Rule 26(c).

10. *Custody and Control.* The recipient of information, documents or things identified as Confidential Information hereunder shall maintain such information, documents or things securely and safely and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents or things. Confidential Information shall be held in confidence by each person to whom it is disclosed and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Outside Counsel must maintain copies of all executed Certificates of Confidentiality.

11. *Subpoena.* Any party or person served with a subpoena or other notice compelling the production of any information, documents or things designated as "Confidential" pursuant to this Stipulated Protective Order, is obligated to give prompt written notice to the Disclosing Person of such subpoena or other notice. Such notice shall, in any event, be given by the third business day after service of the subpoena or other notice. If the Disclosing Person takes steps to oppose the subpoena, then the person served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not in any event be

made before notice is given to the Disclosing Person and the Disclosing Person has had at least fourteen (14) calendar days to react. Upon receiving such notice, the Disclosing Person shall bear the burden to move to quash or limit the subpoena, if it deems it appropriate, on grounds of confidentiality.

12. <u>Designation Not Determinative; Challenges to Confidentiality Designations.</u> Inspection, receipt, or filing under seal by a party of information, a document or thing designated as "Confidential" hereunder shall not constitute a concession by that party that the information, document or thing is Confidential Information. Subsequent to the inspection or receipt of information, documents or things designated as "Confidential" hereunder, a party may request the Disclosing Person to redesignate such information, documents or things. Such request shall be by written notice to counsel for the Disclosing Person and shall identify with particularity the information, documents or things to be redesignated. If a dispute arises and it is not resolved within fourteen (14) calendar days of the written notice, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of Confidential Information, the information, documents or things shall retain the prior designation as "Confidential." However, in connection with any such motion, the Disclosing Person shall bear the burden of persuading the Court that there is a good-faith basis for contending that the information, documents or things are properly designated as "Confidential" and for opposing any modification of such designation or this Stipulated Protective Order.

13. <u>No Obligation to Object to Designation.</u> The Receiving Party(ies) shall be under no obligation to object to the designation of any document as "Confidential" at the time the designation is made, or at any other time, and a party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from

objecting to the designation at any time. The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

14. <u>Inadvertent Disclosure of Confidential Information.</u>  The inadvertent or unintentional disclosure by the Disclosing Person of information, documents or things that it thereafter believes should have been designated as "Confidential," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Person's claim that the information is Confidential Information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Disclosing Person must notify the Receiving Party(ies) promptly upon discovery of the inadvertent or unintentional failure to designate by giving written notice to the Receiving Party(ies) that the information, documents or things are Confidential Information and should be treated in accordance with the provisions of this Stipulated Protective Order. The Receiving Party(ies) must treat such information, documents or things as Confidential Information, from the date such written notice is received. Disclosure of such information, documents or things prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made must be immediately advised that the material disclosed is Confidential Information, and must be treated in accordance with this Stipulated Protective Order. These persons are also to return such information, documents or things to the Receiving Party(ies) under the Stipulated Protective Order.

15. <u>Inadvertent Disclosure of Privileged or Protected Information.</u>

Inadvertent disclosure of material covered by the attorney-client privilege, work product doctrine, or any other applicable protection shall not be deemed a waiver of the privilege or protection with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of the privilege or protection with regard to similar material. Promptly upon receipt by the Receiving Party(ies) of notice of the inadvertent disclosure or when the Receiving Party(ies) has otherwise become aware of the inadvertent disclosure, the Receiving Party(ies) shall return, permanently delete or permanently destroy all material inadvertently disclosed and all copies thereof, including those copies that have been shared with experts, consultants, and vendors. This includes, but is not limited to, permanently deleting or permanently destroying any and all electronic copies of all material inadvertently disclosed, except that the Receiving Party(ies) shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are overwritten in the normal course of business. The Receiving Party(ies) shall confirm in writing that any such material inadvertently disclosed has been returned or destroyed. The Receiving Party(ies) shall keep no copies or reproductions, and shall make no use whatsoever of the material inadvertently disclosed. In the event that the Receiving Party(ies) challenges the applicability of the asserted privilege or protection of any inadvertently disclosed materials, the materials shall be returned pending any briefing as to the applicability of the privilege or protection, and the inadvertent disclosure itself shall form no basis for challenging the asserted privilege or protection.

16.     <u>Additional Disclosures.</u>  In the event that a party to this action shall desire to provide access to information, documents or things designated as "Confidential" to any person or category of persons not included in paragraphs 8 or 9 hereof, Outside Counsel for such party shall provide written notice, via overnight

delivery service and electronic mail, to counsel for the Disclosing Person of its intent to make such disclosure, stating therein the specific information, documents and things to be disclosed at least fifteen (15) calendar days before any Confidential Information is made available to such person(s). With the written notice shall be included a fully, executed copy of Exhibit A and an identification of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the Disclosing Person to determine whether such disclosure might cause it injury. If the Disclosing Person serves, via overnight delivery service and electronic mail, objections in writing within fourteen (14) calendar days of such notice, no disclosure shall be made to the person(s), and the party desiring to make such disclosure may move the Court within twenty (20) calendar days of the receipt of the executed copy of Exhibit A for an order that such person(s) be given access to the Confidential Information. The burden of showing confidential status is on the party claiming confidentiality. If the motion is granted, such person(s) may have access to the Confidential Information, provided that such person(s) have agreed in writing before such access is given to be bound by the terms of this Stipulated Protective Order, by signing a copy of the attached Certificate of Confidentiality marked Exhibit A, a copy of which will be provided to the Disclosing Person before the Receiving Party(ies) transmits such information to such person(s).

17.     <u>Use at Trial.</u>  Issues relating to confidentiality and public access to information to be presented at trial will be addressed at a future time, if necessary.

18.     <u>Disposition After Final Termination.</u>  Within thirty (30) days after final termination of this action, including all appeals, the Disclosing Person shall notify the Receiving Party(ies) whether to return or destroy all Confidential Information delivered by the Disclosing Person, and any copies thereof. If the Disclosing Person requests that all Confidential Information delivered by the Disclosing Person be destroyed, all

Confidential Information, and any copies thereof, including those copies that have been shared with experts, consultants, and vendors, shall be permanently deleted or permanently destroyed. Permanently deleting or permanently destroying all Confidential Information delivered by the Disclosing Person, and any copies thereof, shall be done in such a manner that ensures that it will not be disclosed to or disseminated or recovered by any person. This includes, but is not limited to, permanently deleting or permanently destroying any and all electronic copies of Confidential Information, except that the Receiving Party(ies) shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are overwritten in the normal course of business. Any Confidential Information retained by Outside Counsel shall be limited to preservation of the file on this action and shall not, without the written permission of the Disclosing Person or an order of the Court, be disclosed to anyone other than such Outside Counsel. Within sixty (60) days after the final termination of this action, including any applicable appeal period, the attorneys for each party shall deliver an affidavit to the Disclosing Person certifying that all information, documents, and things produced by the Disclosing Person designated as "Confidential," and any copies thereof, have been returned or destroyed in accordance with the terms of this Stipulated Protective Order. Any party retaining any Confidential Information as part of preservation of its file may destroy it at a later date without notification.  Notwithstanding the foregoing, the Receiving Party(ies) shall not be required to purge document management systems, email accounts or backup tapes to destroy Confidential Information.

19. <u>Disclosure in Certain Circumstances.</u>  The restrictions set forth in the preceding paragraphs shall not apply to information that

    (a) at or prior to disclosure thereof in this action, is or was a matter of public knowledge or was independently obtained by the Receiving

Party(ies); or

(b) after the time of disclosure herein, becomes a matter of public knowledge other than by act or omission of the Receiving Party(ies) or its agents, experts, consultants or attorneys.

No party hereto shall be bound by this Stipulated Protective Order as to any information, documents or things that it possessed prior to the entry of this Stipulated Protective Order, unless the information, documents or things were provided to the Receiving Party(ies) in response to a discovery request in the current action prior to the date of the entry of the Stipulated Protective Order and were subsequently designated as "Confidential" pursuant to paragraph 5.

20. <u>Modification.</u>   This Stipulated Protective Order shall be without prejudice to the right of any party to seek modification of any provision of this Stipulated Protective Order, or a modification of its applicability with respect to any specific information subject hereto.

21. <u>Service of Notices.</u>  Unless otherwise provided, all notices required by this Stipulated Protective Order are to be served via hand delivery or electronic mail, to the appropriate counsel of record. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating when the electronic mail or hand delivery was received.

22. <u>Duration; Continuing Jurisdiction.</u>  This Stipulated Protective Order shall survive the final adjudication of this action (including any appellate proceedings), and termination of proceedings shall not relieve any person or party from the obligations of this Stipulated Protective Order. The parties and any other person subject to the terms of this Stipulated Protective Order consent to jurisdiction in this Court, if the Court determines it has jurisdiction, for the purpose of enforcing this Stipulated Protective

Order, including the entering of an order for injunctive relief.

23. <u>Future Representation by Counsel.</u>  It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of (or is given access to) protected information pursuant to this Stipulated Protective Order should thereby be disqualified from other representations adverse to the Disclosing Person solely because of such knowledge (or access).

Dated: December 31, 2020

The parties stipulate to entry of this Stipulated Protective Order.

Respectfully submitted,

<u>/s/ John Tennyson</u>
John Tennyson (BPR No. 32777)
**DUNHAM & JONES ATTORNEYS AT LAW, P.C.**
424 Church St., Ste. 2000
Nashville, TN 37219
615-999-9999
john.tennyson@dunhamlaw.com

***Attorney for Plaintiffs***
***Darrell Thompson, William Holt,***
***Leatha Holt, and NewAir***
***Manufacturing, LLC***

<u>/s/      D. Andrew Portinga</u>
David J. Gass (P34582)
D. Andrew Portinga (P55804)
**MILLER JOHNSON**
45 Ottawa Ave SW, Suite 1100
Grand Rapids, MI 49503
Telephone: 616-831-1700

B. Trent Webb
John D. Garretson
Beth A. Larigan
**SHOOK HARDY & BACON LLP**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816-474-6550
bwebb@shb.com
jgarretson@shb.com
blarigan@shb.com

***Attorneys for Defendants***
***Stryker Corporation, Physio-***
***Control International, Inc.,***
***Physio-Control, Inc., Physio-***
***Control Manufacturing, Inc.,***
***and Jolife AB***

SO ORDERED:

/s/ Sally J. Berens
United States Magistrate Judge

Dated: January 5, 2021

EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have received and read a copy of the Stipulated Protective Order in this case, No. 1:20-CV-1111, entitled "Darrell K. Thompson, et al. v. Stryker Corporation, et al." and I agree to abide by its terms. I understand that materials disclosed to me and designated "Confidential" are subject to various restrictions of use and disclosure, including the restriction that they are to be used and considered solely in connection with this litigation, and not for any business or other purpose whatsoever. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Michigan for the purpose of enforcing my compliance with the Stipulated Protective Order.

DATED this _____ day of _____, 2021.

Name: _____

Address: _____

Phone: _____

Sworn to under the penalty of perjury:

Signature: _____